UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-30-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARK EDWARD BAIRD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Mark Baird entered a guilty plea in this action on November 1, 2005. [Record No. 505] Following entry of this plea, a Sentencing Order was entered scheduling the sentencing hearing for February 15, 2006, at 2:00 p.m.  The issue presently before the Court concerns the United States' motion for leave to file a late objection to Defendant Baird's Presentence Investigation Report (PSR) [Record No. 590] and Baird's objection to that motion [Record No. 593].  In essence, the United States seeks to object to Defendant Baird being given credit for acceptance of responsibility under the United States Sentencing Guideline §3E1.1 because, during a presentence interview, Baird allegedly attempted to refute the full measure of his criminal conduct.[1]

In response, the Defendant casts the issue as whether the United States should be able to object to application of the safety valve (U.S.S.G. §5C1.2) as well as his receipt of credit for

---

[1]     The United States filed a separate objection to application of the safety valve on February 7, 2006. [Record No. 589]

-1-

acceptance of responsibility.  According to his attorney, the PSR was disclosed to counsel on

January 11, 2006.  On January 23, 2006, counsel for the United States advised Baird's counsel

that the United States objected to application of the safety valve because this Defendant had not

been debriefed.  While a meeting for that purpose was initially scheduled for January 31, 2006,

it was continued until February 2, 2006,  at the United States' request.  This later date was

approximately one week after objections to the report were due.

      The Defendant and his counsel attending a debriefing meeting with counsel for the United

States and its case agents on February 2, 2006, beginning at 10:00 a.m.  However, it appears that

Baird's counsel was not advised that the Defendant had failed to provide complete and accurate

information concerning his involvement in the underlying action until she received the United

States' objection and motion on February 7, 2006.

      With respect to the issues raised by the parties, paragraphs (3) and (4) of the Sentencing

Order [Record No. 504] provide:

> (3)    That not less that thirty-five (35) days prior to the date of the sentencing
> hearing, the Probation Officer shall provide a copy of the presentence
> investigation report ("PSR") to counsel for the parties.  Within fourteen (14) days
> thereafter, counsel shall submit, by letter, all objections to the PSR report to the
> Probation Officer and opposing counsel.  After receiving said objections, the
> Probation Office shall conduct a meeting with counsel, investigate the matters of
> concern and, if warranted, revise the PSR accordingly.
>
> (4)    That not less that ten (10) days prior to the sentencing hearing, the
> Probation Officer shall submit the PSR to the undersigned.  The PSR shall be
> accompanied by an addendum setting forth all unresolved objections and the
> Probation Officer's comments in regard thereto.  A copy of the revised PSR,
> together with the addendum, shall be mailed to counsel for the parties.
>
>     Not less than ten (10) days prior to the sentencing hearing, the Defendant
> shall file in the record any request for relief pursuant to 18 U.S.C. §3553(a)(2)

-2-

along with a supporting memorandum.[2]  The Defendant shall serve a courtesy copy to the Court's chambers by facismile, 606-877-7965.  Absent good cause shown, the Court will not consider untimely motions.

[Record No. 504] When followed by the parties, the limitations contained in the above-quoted paragraphs serve two important functions.  First, these limitations allow the parties and the Probation Officer to timely address factual or legal issues which may impact the ultimate sentence imposed upon a defendant.  In short, the deadlines are intended to prevent either side from being "blind-sided" by last minute objections or factual contentions.  Second, if the parties comply with these provisions, the Court is able to review the parties' respective positions and address any objections during the sentencing hearing.  Justice is not served when the Court must make determination central to a defendant's fate without adequate time for review and reflection of the issues.

In addition to the Court's Sentencing Order, the text of the safety valve is also relevant to the issues raised.  To be eligible, a defendant must meet all five criteria contained in 18 U.S.C.§ 3553(f)(1)-(5).  Subparagraph (5) specifically requires that the Court consider whether the defendant has "truthfully provided the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . ." U.S.S.G. §5C1.2(a)(5).  Obviously, without input from the United States, the Court cannot make this required factual determination.

---

[2]      The record reflects that the Defendant filed a Sentencing Memorandum and several attachments on February 6, 2006.  Although the United States has not objected to the late filing of these materials, they were also filed outside the time provided in the Court's Sentencing Order.  While February 5, 2006, fell on a Sunday, the Sentencing Order required that such materials be filed "*no less than* ten (10) days prior to the sentencing hearing . . ." (Emphasis added.)  [Record No. 504]  Therefore, these materials should have been filed on or before February 3, 2006.

Further, this guideline section provides a time limitation upon the defendant, not the government.  This section states that the defendant must provide the information to the government "not later than the time of the sentencing hearing . . ."  U.S.S.G. § 5C1.2.  If contested, the burden of proof is on the defendant to demonstrate by a preponderance of evidence that he is eligible for the reduction allowed by this provision.  Once he has met this burden, it falls to the government to show that the information supplied by the defendant is untrue or incomplete.  *United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996); *United States v. Shrestha*, 86 F.3d 935, 939-40 (9th Cir. 1996).  Many times, this determination is fact-specific and will require presentation of proof and evidence before the issue can be resolved.  It should also be noted that the safety valve provisions require *an affirmative act* by the defendant in truthfully disclosing all information he possesses concerning the offense.  Therefore, an assertion that a defendant "gave the government all it asked" does not satisfy his burden of proof.  *Adu*, supra, at 124; *United States v. Ivester*, 75 F.3d 182, 184-86 (4th Cir. 1996).

Based on the requirements of 18 U.S.C. §3553(f) and U.S.S.G. §5C1.2(a)(5), the Court finds that the United States' objection to application of the safety valve has been raised in a timely manner.  If this issue is resolved adverse to the Defendant, it could certainly affect the Court's factual determination concerning whether he is entitled to credit for acceptance of responsibility.  While the objection to this second issue was raised outside the time provided by the Scheduling Order, the Court believes that the late filing by the United States will not prejudice the Defendant.  The Plea Agreement signed by the parties and tendered to the Court on November 1, 2005, specifically provides that the United States reserved the right to object

-4-

to the Defendant receiving any credit for acceptance of responsibility if his engages in conduct which "demonstrates a lack of acceptance of responsibility." [See Record No. 503; Plea Agreement, ¶ 4.] Often times, it is difficult to determine whether this or other relevant provisions of a plea agreement have been violated until after the time for filing objections pursuant to the Court's Scheduling Order has passed. This is especially true where a defendant can qualify for application of the safety valve up until the time of the sentencing hearing. Further, before the Court could consider a three-level reduction for acceptance of responsibility, a motion of the United States is required. *See* U.S.S.G. §3E1.1(b).

In summary, the Court concludes that, either directly or through his counsel, Defendant Baird has ample notice of the issues raised and will be able to explain whether his statements to the government during the recent debriefing were accurate and in accordance with his Plea Agreement and the statements made to the Court during his rearraignment on November 1, 2005. Likewise, the Court will consider the late-filed Sentencing Memorandum and accompanying materials submitted by the Defendant. Accordingly, it is hereby

**ORDERED** that the United States motion for leave to file late objections to Defendant Baird's Presentence Investigation Report [Record No. 590] is **GRANTED**. The Defendant's objections to this motion are **OVERRULED**.

This 10th day of February, 2006.



Signed By:

*Danny C. Reeves*

**United States District Judge**